UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REX DWAINE LARRISON,

     Plaintiff,

v.

PHILIP G. MCMANIGAL,

     Defendant.

Case No. 25-cv-4025-KHV-JBW

**<u>MEMORANDUM AND ORDER</u>**

This matter is before the Court on Plaintiff's Motion to Compel Production of Subpoenaed Documents (Dkt. 35). Plaintiff requests an order, pursuant to Fed. R. Civ. P. 45(d)(2)(B)(i), compelling the non-party Jackson County Sheriff's Office to produce the documents requested in Plaintiff's November 2025 subpoena. The Sheriff opposes the motion. As explained below, Plaintiff's motion is granted in part and denied in part.

### I.    Nature of the Case and Discovery Dispute Background

Plaintiff filed his Complaint on March 17, 2025 (Dkt. 1) asserting claims pursuant to 42 U.S.C. § 1983. Plaintiff's claims revolve around an Affidavit and Application in Support of Search Warrant ("Affidavit") Defendant McManigal prepared and filed with the District Court of Jackson County, Kansas ("Jackson County Court") on April 16, 2024. Defendant McManigal's Affidavit stated that he had probable cause to believe that evidence related to the crimes of criminal desecration of a body and first-degree murder would be found on Plaintiff's property. Plaintiff alleges the Affidavit submitted to the Jackson County Court ignored and omitted disclosure of evidence and facts that would have rendered the Affidavit insufficient to establish probable cause. On April 23, 2024, based on Defendant McManigal's Affidavit, a judge of the Jackson County

Court issued a search warrant for Plaintiff's residence and surrounding properties. Plaintiff was handcuffed and taken to the Jackson County Sheriff's Office while the search warrant was executed. During the search of Plaintiff's residence, officers tore up the concrete patio and dug extensively under and around it. During the search of the property, officers discovered a piece of PVC pipe. Based on this discovery, officers obtained a second search warrant for explosive and other destructive devices. After some 46 hours in jail, officers booked Larrison for criminal use of explosives. He was released on bond from April 25 to October 3, 2024, when the Jackson County prosecutor dismissed all charges against Plaintiff. Plaintiff now asserts that in violation of his rights under the Fourth Amendment, Defendant McManigal caused the unlawful search, and the resulting arrest and prosecution of Plaintiff.

Non-party Jackson County Sheriff's Office (the "Sheriff's Office") was issued a subpoena in November 2025. Counsel for the Sheriff's Office did not interpose formal objections under Fed. R. Civ. P. 45, and produced documents it reasonably understood to fall within the scope of the subpoena and claims at issue. To date the Sheriff's Office has produced 10,639 pages of documents. Plaintiff believes several categories of documents have yet to be produced, including: (1) documents showing possible misrepresentation by Defendant in the application for a search warrant; (2) exculpatory documents, and (3) documents pointing to leads that Defendant McManigal elected not to pursue. On April 28, 2026, pursuant to D. Kan. Local Rule 37.1(a), the Court held a discovery conference in this matter, setting a deadline for Plaintiff to file a Motion to Compel by May 1, 2026. Plaintiff filed his motion on May 9, 2026, and the Sheriff's Office filed

its response on May 11, 2026.[1] No reply briefing was permitted, and Plaintiff's Motion to Compel is fully ripe for ruling.

## II.    Legal Standards

Federal Rule of Civil Procedure 45 governs subpoenas served upon non-parties. Under Rule 45(d)(2)(B), if the entity commanded to produce documents serves written objections to the subpoena, the serving party may seek compliance by filing a motion to compel production of the documents. "The scope of discovery under a subpoena is the same as party discovery permitted by Fed. R. Civ. P. 26."[2] The court must determine "whether a request contained in a subpoena duces tecum is overly broad or seeks irrelevant information under the same standards as set forth in Rule 26(b) and as applied to Rule 34 requests for production."[3] Under Rule 26(b)(1), unless otherwise limited by court order, the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Non-parties responding to Rule 45 subpoenas generally receive heightened protection from discovery abuses.[4] The party issuing the subpoena must take "reasonable steps to avoid imposing undue burden or

---

[1] Based on emails received by the Court, it appears Plaintiff emailed a copy of his motion, and his positions set forth in the attached table to counsel for the Sheriff's Office by the May 1, 2026 deadline, but the motion was not actually filed on the docket until May 9, 2026. Though the motion was not formally filed by the May 1, 2026 deadline, the Court finds it timely. Due to the delay in the actual filing of the motion, Defendant did not file their response until May 11, 2026, but emailed a copy to the Court on the May 8, 2026 response deadline. The Court also finds the response to be timely.

[2] *In re Syngenta AG MIR 162 Corn Litig.*, MDL No. 2591, No. 14-md-2591-JWL, 2017 WL 1106257, at *16 (D. Kan. Mar. 24, 2017) (citing *Schneider v. CitiMortgage, Inc.*, No. 13-4094, 2014 WL 4749181, at *2 (D. Kan. Sept. 24, 2014)). *See also* Fed. R. Civ. P. 45 advisory committee note to the 1970 amendment (the 1970 amendments "make it clear that the scope of discovery through a subpoena is the same as that applicable to Rule 34 and the other discovery rules").

[3] *Stewart v. Mitchell Transp.*, No. 01-2546-JWL, 2002 WL 1558210, at *3 (D. Kan. July 11, 2002).

[4] *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.,* No. 17-MD-2785-DDC-TJJ, 2018 WL 4854027, at *2 (D. Kan. Oct. 5, 2018) (citations omitted).

expense" on the subpoenaed entity.[5]

### III.   Analysis

The Court ordered the parties to brief the motion to compel in the form of a table, addressing their respective request and objections in one document.[6] The Court enters its specific rulings in the attached table. However, most of the Sheriff's Office's responses fit into three categories: (1) objections to producing documents created after the first search warrant's execution, (2) objections based on the law enforcement investigatory privilege, and (3) statements that all responsive documents have been produced. The Court addresses these three categories of responses below.

### a.   Post Search Warrant Records

In several of Plaintiff's requests, he seeks documents created after the execution of the April 16, 2024 search warrant. The Sheriff's Office objects to these "post search warrant records," arguing: "The sole question presented in Plaintiff's § 1983 claim is whether Defendant McManigal knowingly or recklessly omitted information from his affidavit in support of the search warrant that would have vitiated probable cause at the time the warrant was sought. Records generated after the warrant's execution . . . are not probative of that inquiry . . . ."[7]

The Court disagrees. While Plaintiff's Section 1983 claims do concern whether Defendant McManigal knowingly or recklessly omitted information from his affidavit in support of the first search warrant, they also concern the alleged unlawful seizure, arrest, and prosecution that

---

[5] Fed. R. Civ. P. 45(d)(1).

[6] *See* Minute Entry and Order, Dkt. 34.

[7] Def. McManigal and Non-Party Jackson County Sheriff's Office Joint Comments Regarding Subpoena Dispute, Dkt. 36, p. 1.

occurred subsequent to the preparation of the Affidavit.[8] Further, Plaintiff's Complaint alleges the search that resulted from the allegedly insufficient Affidavit and search warrant was used to obtain a second subsequent search warrant to search for explosive and other destructive devices.[9] Therefore, the Court finds documents created after the execution of the April 16, 2024 search warrant are not inherently irrelevant to this action. The Court addresses this objection in more detail in relation to specific requests in the attached table.

**b.      Law Enforcement Investigatory Privilege**

The Sheriff's Office also objects to the production of several categories of documents on the basis of the law enforcement investigatory privilege. The Sheriff's Office argues the documents are protected from disclosure because they are intertwined with an ongoing criminal investigation, and disclosure "would intrude upon active investigative decision-making, impose undue burden on a non-party governmental entity, and undermine the strong public interest in preserving the integrity of ongoing criminal investigations."[10]

Federal common law recognizes a qualified "law enforcement investigative privilege," which is "based primarily on the harm to law enforcement efforts which might arise from public disclosure of investigatory files."[11] "Its purpose is to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation and

---

[8] *See* Pl.'s Compl., Dkt. 1, Counts II and III.

[9] *Id.* at p. 9.

[10] Def. McManigal and Non-Party Jackson County Sheriff's Office Joint Comments Regarding Subpoena Dispute, Dkt. 36, p. 2.

[11] *United States v. Winner*, 641 F.2d 825, 831 (10th Cir. 1981) (quotation omitted).

5

otherwise to prevent interference with an investigation."[12]

"To assert the privilege, 'the responsible official in the department must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege.'"[13] The party claiming the privilege bears the burden of establishing all of these elements are present.[14] And the requirements "must be strictly adhered to."[15] "General allegations that information is protected from disclosure are not sufficient."[16] The law enforcement investigatory privilege is a qualified privilege, and may be overridden if the party seeking the documents shows there is a substantial need for the documents and its inability to obtain them by other means.[17]

As stated above, to invoke the law enforcement privilege "the responsible official in the department must lodge a formal claim of privilege, after actual personal consideration, specifying with particularity the information for which protection is sought, and explain why the information falls within the scope of the privilege."[18] In *National Union Fire Insurance Co. v. F.D.I.C.*, U.S. Magistrate Judge Gerald Rushfelt ruled that the Federal Deposit Insurance Corporation ("FDIC") properly invoked the privilege by submitting a declaration from its regional counsel stating that he

---

[12] *United States v. Malik*, No. 15-CV-9092-CM, 2016 WL 3167307, at *10 (D. Kan. June 7, 2016) (quotation omitted).

[13] *Id.* (quoting *Winner*, 641 F.2d at 831).

[14] *Id.*

[15] *Winner*, 641 F.2d at 831.

[16] *Callahan v. Unified Gov't. of Wyandotte Cnty/Kan. City Kan.*, No. 11-2621-KHV, 2013 WL 2151579, at *4 (D. Kan. May 16, 2013).

[17] *Progeny v. City of Wichita, Kan.*, No. 21-1100-EFM-ADM, 2022 WL 2340866, at *3 (D. Kan. June 29, 2022).

[18] *Winner*, 641 F.2d at 831.

exercised personal consideration in invoking the privilege and that the agency had given him authority to invoke the privilege, and he described five categories of documents being withheld "in sufficient detail to enable the court to establish a link between the nature of the documents and the interference with a pending investigation."[19]

Here, the Sheriff's Office has not even minimally met *Winner*'s invocation requirement. The Sheriff's Office has not submitted a sworn declaration or affidavit of an "responsible official in the department" specifying with particularity the information over which the privilege is asserted. Rather, its response merely states the documents are entitled to the law enforcement privilege "because they are intertwined with an ongoing criminal investigation."[20]

The Sheriff's Office has provided a copy of its privilege log indicating which documents it is withholding on the basis of privilege. The privilege log indicates twenty (20) documents are being withheld on the basis of law enforcement investigatory privilege—primarily video recordings or interviews with witnesses and narrative reports of those interviews. All of the documents or videos were created by Defendant McManigal between December 23, 2015 and September 16, 2021, with a majority of the documents created in mid- to late- 2021. All of the documents and videos were created in the years leading up to Defendant McManigal's submission of the April 16, 2024 Affidavit. None of the documents appear to be recently created or suggest they are part of an active investigation. Based on the information in the privilege log, and the conclusory language in the Sheriff's Office's response that the documents are related to an "ongoing investigation," the Court is unable to find that there is a clear link between the nature of

---

[19] No. CIV. A. 93-2471-GTV, 1995 WL 104835, at *4.

[20] Def. McManigal and Non-Party Jackson County Sheriff's Office Joint Comments Regarding Subpoena Dispute, Dkt. 36, p. 2.

the documents and interference with a pending investigation.

Further, when comparing the privilege log to the allegations in the Complaint, it appears the documents were created during the criminal investigation of Plaintiff himself and led to the submission of the Affidavit at issue, and not for the purposes of an active and pending investigation. For instance, the privilege log contains an entry from December 23, 2015 in which Defendant McManigal created a "Narrative Report (PDF) reflecting statements made by Witness 2 to Det. McManigal on November 11, 2015." In paragraph 20(a) of Plaintiff's Complaint he alleges Defendant McManigal failed to disclose in the Affidavit that Defendant McManigal had not "made a written report or record of the August 20, 2001 conversation with [Dan] Robinson and did not make such a report until fourteen years later on December 23, 2015." It logically follows the December 23, 2015 entry on the Sheriff's Office privilege log and the December 23, 2015 report that was allegedly mischaracterized in the Affidavit are in fact the same document. This suggests that the documents contained on the privilege log are those relied on by Defendant McManigal in his investigation into Plaintiff, that led to the submission of the Affidavit, and ultimately resulted in the charges against Plaintiff that were dismissed in October 2024.

Given the Sheriff's Office's failure to meet *Winner*'s invocation requirement, the fact that the documents were created more than five years ago during the investigation of Plaintiff in anticipation of submission of the Affidavit, and that all charges against Plaintiff have since been dismissed and there does not appear to be an active investigation, the Court overrules the Sheriff's Office's objection on the basis of the law enforcement privilege. However, the Court does understand the Sheriff's Office's concerns regarding witness safety and harassment and will allow the Sheriff's Office to redact any personal contact information of the witnesses contained in any written documents. Further, all documents and videos produced in this category may be marked as

confidential and fall under the protection of the Protective Order (Dkt. 18).

### c.    All Responsive Documents Produced

Finally, the Sheriff's Office routinely states it has no documents or has produced all documents responsive to Plaintiff's requests. "Generally, a response that a party has no additional responsive documents suggests judicial involvement is unnecessary."[21] Therefore, the Court finds in those instances, the Sheriff's Office has met its obligation and complied with the subpoena.

The Court makes its rulings on the specific requests at issue in the attached table.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Production of Subpoenaed Documents (Dkt. 35) is granted in part and denied in part as set forth herein.

**IT IS FURTHER ORDERED** that all production of the supplemental responses ordered herein shall be served within fourteen (14) days of the date of this Order.

**IT IS SO ORDERED.**

Dated June 17, 2026, at Kansas City, Kansas.

_____
Jennifer   B.   Wieland
U. S. Magistrate Judge

---

[21] *Shoemake v. McCormick, Summers & Talarico II, LLC*, No. 10-2514-RDR, 2011 WL 5553652, at *2 (D. Kan. Nov. 15, 2011).