**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **REX DWAINE LARRISON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 25-4025-KHV** |
| **PHILIP G. MCMANIGAL,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On March 17, 2025, Rex Dwaine Larrison filed suit against Philip G. McManigal, a deputy sheriff and detective for the Sheriff's Office of Jackson County, Kansas. Under 42 U.S.C. § 1983, plaintiff asserts that in violation of his rights under the Fourth Amendment, defendant prepared a search warrant affidavit which lacked probable cause and led to his arrest, prosecution and the unlawful search of his properties. On September 29, 2026, the Court denied Defendant's Motion For Summary Judgment And Memorandum In Support (Doc. #54) filed July 17, 2026. See Memorandum And Order (Doc. #61). The same day, defendant filed his Notice Of Interlocutory Appeal (Doc. #62), which divested the Court of jurisdiction over the merits of this case. See Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). The Tenth Circuit has established that the Court may certify the appeal as frivolous and thereby regain jurisdiction. This matter is before the Court on Plaintiff's Motion For Certification Of Frivolous Appeal And For Retention Of Jurisdiction (Doc. #63) filed September 29, 2026. For reasons stated below, the Court overrules plaintiff's motion.

## Legal Standard

Courts of appeal have jurisdiction over final decisions of the district courts.

28 U.S.C. § 1291. A small class of prejudgment orders are immediately appealable because they finally determine claims of right separable from rights asserted in the action and are too important to be denied review. Behrens v. Pelletier, 516 U.S. 299, 305 (1996). An appeal from the denial of qualified immunity falls within this small class of cases "to the extent that it turns on an issue of law." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). The district court and court of appeals should not exercise jurisdiction over a case at the same time; thus, a notice of interlocutory appeal "confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Stewart v. Donges, 915 F.2d 572, 574 (10th Cir. 1990).

Since this right to interlocutory appeal creates an opportunity for abuse, the Tenth Circuit allows the district court to certify an interlocutory appeal as frivolous, thereby allowing the district court to retain jurisdiction during the pendency of the appeal. Behrens, 516 U.S. at 310–11. Under Tenth Circuit law, the potential misuse of interlocutory review can be prevented if the district court "(1) after a hearing and, (2) for substantial reasons given, (3) [finds] the claim to be frivolous." Stewart, 915 F.2d at 576. The non-appealing party bears the burden of demonstrating that the appeal is frivolous. Id. at 577. Though difficult to define exactly, an appeal is frivolous if the result is obvious or the arguments of error are wholly without merit. Braley v. Campbell, 832 F.2d 1504, 1511 (10th Cir. 1987). An appeal is frivolous if it is baseless, unfounded or a sham. Kickapoo Tribe of Indians v. Kansas, Nos. 92-4233-SAC, 92-4234-SAC, 1993 WL 192795, at *5 (D. Kan. May 19, 1993). The purpose of this rule is to "not leave the trial court powerless to prevent intentional dilatory tactics by enabling a defendant unilaterally to obtain a continuance at any time prior to trial by merely filing a motion." United States v. Hines, 689 F.2d 934, 936–937 (10th Cir. 1982). If the Court certifies an interlocutory appeal as frivolous, both the district court and court of appeals shall have jurisdiction to proceed. Id.

## Analysis

Defendant appeals the Court's order which overruled his motion for summary judgment on his Fourth Amendment claim and his claim of qualified immunity. He argues that the Court did not rule on the ultimate question whether the affidavit, if corrected to omit the intentionally false statements and include the omitted statements, established probable cause. He argues instead that the Court treated the question as a question of fact for the jury. He argues that whether the corrected affidavit establishes probable cause is a legal question, which the Court should have decided, instead of finding that a material fact dispute prevented the Court from granting summary judgment. For the purpose of appeal, defendant accepts the facts and inferences which the Court made in favor of plaintiff and only appeals the purely legal questions whether the corrected affidavit supports probable cause and whether his alleged constitutional violation was clearly established. Defendant's Response To Plaintiff's Motion For Certification Of Frivolous Appeal (Doc. #65) filed September 30, 2026.

Qualified immunity shields government officials from liability for performing discretionary functions if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "At summary judgment, we must grant qualified immunity unless the plaintiff can show (1) a reasonable jury could find facts supporting a violation of a constitutional right, which (2) was clearly established at the time of the defendant's conduct." Est. of Booker v. Gomez, 745 F.3d 405, 411 (10th Cir. 2014); 42 U.S.C. § 1983. The Fourth Amendment Warrant Clause provides that "no warrants shall issue but upon probable cause, supported by Oath or affirmation." Franks v. Delaware, 438 U.S. 154, 164 (1978). As explained in Franks, the Fourth Amendment prohibits an applicant for a search warrant from knowingly and intentionally, or with

reckless disregard for the truth, making a false statement or omitting information which, if included, would prevent the warrant from lawfully issuing. Id.; See also Kapinski v. City of Albuquerque, 964 F.3d 900, 905 (10th Cir. 2020). For omitted material, a Franks claim has two components: (1) plaintiff must show the omitted information was "material" in that its inclusion would have vitiated probable cause for issuing the warrant and (2) he must demonstrate that, in omitting the information, defendant acted intentionally or with reckless disregard for the truth. Kapinski, 964 F.3d at 905. Likewise, for false information, a Franks claim has two components: (1) plaintiff must show the false statement was material in that its exclusion would have vitiated probable cause for issuing the warrant and (2) he must demonstrate that, in including the false information, defendant acted intentionally or with reckless disregard for the truth. Franks, 438 U.S. at 171; Pierce v. Gilchrist, 359 F.3d 1279, 1293 (10th Cir. 2004). The parties agree that probable cause is a question of law. See United States v. Santiago, 135 F.4th 1235, 1240 (10th Cir. 2025).

As a threshold matter, as the Court explained to the parties on September 30, 2026, the Court's Memorandum And Order (Doc. #61) did rule as a matter of law that the corrected affidavit did not establish probable cause. The Court conducted a Franks analysis, and found that the facts—viewed in the light most favorable to plaintiff—showed that defendant had intentionally made false statements and withheld exculpatory evidence. The Court's analysis specified that "if evidence is falsified or withheld from an affidavit, the Court determines whether—excluding falsified inculpatory evidence and including withheld exculpatory evidence—a judge would have found probable cause." Id. at 11. The Court then analyzed whether the affidavit supported probable cause if it included additional facts, including Robinson's corrected statement which showed that Yulia could not have been buried under the concrete, that Police Chief Lanning received a phone

call from someone claiming to be Yulia after her alleged disappearance and that the autopsy result and prior investigation concluded that Elena's death was accidental. Id. at 12-13. These additional facts, considering the extreme delay and staleness of the information, led the Court to find that for Yulia, "the affidavit's remaining allegations—made some 23 years after her disappearance—were insufficient to create probable cause to believe that evidence of her murder or desecration of her body was likely to be found on plaintiff's residential property." Id. at 13. For Elena, it found that the corrected affidavit "vitiated any probable cause to believe that evidence of Elena's murder or the desecration of her body would be found on plaintiff's properties." Id. at 14. The Court ruled as a matter of law that a judge would not find that the corrected affidavit would support probable cause.

Defendant cites three quotes from the Court's order, which purport to show that the Court improperly addressed probable cause as a disputed factual issue. See Response To Plaintiff's Motion (Doc. #65) at 3. Defendant confuses the Court's statements concerning the standards to decide probable cause and decide qualified immunity. As discussed above, for summary judgment, the Court must grant qualified immunity unless the plaintiff can show that "a reasonable jury could find facts supporting a violation of a constitutional right," Est. of Booker, 745 F.3d at 411—in this case, a Fourth Amendment violation for search or seizure without probable cause. Several of defendant's references to the Court's order are discussing qualified immunity, not deciding probable cause as a question of fact.[1]

---

[1] For example, defendant challenges the Court's statements that "a reasonable jury could find that defendant made false material statements and omitted highly material information, collectively vitiating probable cause," Order (Doc. #61) at 21, and "[b]ecause plaintiff has shown a genuine issue of material fact concerning the violation of his clearly established right to be free from an unreasonable search, seizure and malicious prosecution, defendant is not entitled to qualified immunity." Id. at 22. Defendant argues that these statements show that the Court

(continued. . . )

The Court acknowledges that in its haste to decide the summary judgment motion prior to the trial in just five weeks, the Court did not describe the correct standard for probable cause in defendant's first quote cited in his Response To Plaintiff's Motion (Doc. #65) at 3.[2] Regardless, from the rest of the order, the Court's analysis therein and the Court's clarification here, the Court finds as a matter of law that the corrected affidavit would not support probable cause to search plaintiff's properties.

Notwithstanding the foregoing, defendant's interlocutory appeal is not frivolous. Defendant accepts the Court's determinations of facts and challenges whether, after correcting the affidavit as required by Franks, the resulting affidavit establishes probable cause or arguable probable cause. An appeal from the denial of qualified immunity is an appealable final decision within the meaning of 28 U.S.C. § 1291, "to the extent that it turns on an issue of law." Mitchell, 472 U.S. at 530. Since defendant's appeal concerns only questions of law, it is appealable prior to trial. Id. Further, whether probable cause can be found in the corrected affidavit is a close question. The corrected affidavit includes multiple statements from various individuals that plaintiff made threats, that he knows how to dispose of bodies and that he fought with Yulia and Elena. The disappearance of Yulia and the death of Elena are suspicious on their faces. The Court cannot say that no judge would consider these facts sufficient for probable cause, or that defendant's appeal is a sham. Therefore, the Court finds that defendant's appeal is not frivolous.

---

[1](. . . continued)
improperly addressed probable cause as a disputed factual issue, while the Court was actually analyzing the facts under the standard to deny qualified immunity. See Est. of Booker, 745 F.3d at 411.

[2] The statement in question reads: "Viewing the evidence in the light most favorable to him, plaintiff has shown a genuine issue of material fact whether the false statement and the omitted information would have vitiated probable cause to believe that relevant evidence would be found on plaintiff's properties." Order (Doc. #61) at 15.

Defendant also appeals the Court's determination that he violated clearly established law. His argument concerns only reckless omissions, ignoring the fact that the Court also found an intentionally false statement. Defendant's Response To Plaintiffs Motion (Doc. #65) at 5, accepts that for purposes of summary judgment and appeal, he intentionally made false statements in his affidavit. Such actions are, beyond debate, unlawful and violate clearly established law. Heard v. Dulayev, 29 F.4th 1195, 1203 (10th Cir. 2022); Bledsoe v. Carreno, 53 F.4th 589, 613 (10th Cir. 2022). By appealing only on reckless omissions, defendant apparently intends to appeal whether each discrete omission violated clearly established law. Defendant's actions sound like the "cocktail of deliberate fabrication and manipulation" described in Kapinski, 964 F.3d at 912, that a reasonable officer would clearly understand is unlawful. Still, this issue is a question of law for the Tenth Circuit. See Elder v. Holloway, 510 U.S. 516 (1994) (whether violation is clearly established is question of law and resolved de novo on appeal).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion For Certification Of Frivolous Appeal And For Retention Of Jurisdiction (Doc. #63) filed September 29, 2026 is **OVERRULED**.

Dated this 2nd day of October, 2026 at Kansas City, Kansas.

/s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge